1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10    PABLO CHAVEZ,                           Case No. 1:20-cv-00801-NONE-HBK

11                        Plaintiff,          ORDER TO PLAINTIFF TO TAKE ACTION
                                              TO AVOID DISMISSAL OF ACTION
12          v.

13    CAL-FIRE, MARIPOSA COUNTY, MT.          30-DAY DEADLINE
      BUILLION FIRE CAMP, HOLLISTER
14    AIR ATTACK BASE, DYN CORP, AND
      U.S. FOREST SERVICE,
15
                         Defendants.
16

17          This matter comes before the court for its initial screening following reassignment to the

18    undersigned on November 17, 2020.  (*See* Doc. No. 8).  Plaintiff Pablo Chavez ("Plaintiff" or

19    "Chavez"), while a state prisoner,[1] commenced this action by filing a *pro se* civil rights

20    complaint under 42 U.S.C. § 1983 on June 8, 2020.  (Doc. No. 1, Complaint).  The Complaint

21    stems from events that occurred on October 8, 2014 while Chavez was assigned to a fire crew

22    working in Yosemite National Park before he was incarcerated.  (Doc. No. 1 at 5).  Upon a

23    preliminary review of the Complaint, the Court finds it fails to state a claim and, even assuming

24    it states a cognizable claim, the claim appears time barred.  Before recommending dismissal of

25    this action, the Court will afford Plaintiff an opportunity to file an amended complaint, advise

26    the Court whether he wishes to stand on his Complaint or voluntarily dismiss this action.

27    _____

28    [1] On September 28, 2020, the Clerk updated the address of record for Plaintiff due to Plaintiff filing a
      notice of change of address in another case.  (Doc. No. 7).

**STANDARD OF REVIEW**

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act, that requires, *inter alia*, that the court screen the complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant.  This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Examples of immunity that would preclude relief during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity.  Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury.  *See* 42 U.S.C. § 1997e(e).  In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimus*, except when involving First Amendment claims.  *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on Prison Litigation Reform Act's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.  *Jenkins v.*

1    *McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir.

2    2003). The court is not required to accept as true conclusory allegations, unreasonable inferences,

3    or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

4    1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual

5    basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

6        A claim must be facially plausible to survive screening, which requires sufficient factual

7    detail to allow the court to reasonably infer that each named defendant is liable for the

8    misconduct alleged, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quotation marks

9    omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility

10    that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short

11    of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*,

12    572 F.3d at 969.

13        The Federal Rules of Civil Procedure require the complaint to contain "a short and plain

14    statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2).

15    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

16    of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678

17    (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-*

18    *Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

19    omitted). Finally, the Rules permit a complaint to include all *related claims* against a party and

20    permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or

21    series of transactions or occurrence" where "any question of law or fact common to all defendants

22    will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do

23    not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit.

24    Unrelated claims must be filed in separate lawsuits.

25        If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro*

26    *se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action.

27    *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of*

28    *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se*

1  litigant on how to cure the defects.  Such advice "would undermine district judges' role as

2  impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at

3  1131 n.13.

4  <center>**SUMMARY OF OPERATIVE PLEADING**</center>

5  The following facts set forth in the complaint are accepted as true at this stage of the

6  proceedings.  Plaintiff was on a fire call cutting a fire line in Yosemite National Park fighting the

7  "Dog Rock Fire" on October 8, 2014.  (Doc. No. 1 at 5).  Numerous helicopters and airplanes

8  carrying fire retardant were overhead.  (*Id*.).  A "S-2T air tanker bomber collide[d] into the river

9  canyon wall."  (*Id*.).  Debris from crash flew over Plaintiff's head and fire "retardant splashed"

10  on him while the watched the crash which killed the pilot.  (*Id*)  Plaintiff and the other workers

11  were "pulled off the fire line" and counseled.  (*Id*.).

12  The complaint alleges a violation of Plaintiff's 8th Amendment rights.  (*Id*. at 5).  As a

13  result of the incident, Plaintiff claims he suffers *inter alia* from anxiety, P.T.S.D., depression,

14  and chronic flashbacks.  (*Id*)  As relief, Plaintiff seeks $7,400,000 for emotional distress and

15  pain and suffering.  (*Id*. at 12.).

16  <center>**APPLICABLE LAW AND ANALYSIS**</center>

17  <center>***A.  The Complaint Fails to State A Cognizable 8th Amendment Claim***</center>

18  Section 1983 allows a private citizen to sue for the deprivation of a right secured by

19  federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  To

20  state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law

21  caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Soo Park*

22  *v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The plaintiff can satisfy the causation

23  requirement by showing either: (1) the defendant's "personal involvement" in the alleged

24  deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a

25  supervisor and the alleged deprivation.  *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th

26  Cir. 2018).

27  The Court cannot discern of any constitutional violation stemming from the facts alleged

28  in the complaint—a tragic accident that occurred while multiple emergency crews were battling a

<center>4</center>

wildfire.  Even liberally construing the complaint to allege a failure of duty of care, assuming any duty of care was violated, the complaint fails to allege any casual connection between any of the named defendants and an alleged breach of duty.  To the extent Plaintiff seeks to recovery for his anxiety, chronic flashbacks and PTSD stemming from the incident, his claim appears better postured as a claim for worker's compensation and/or disability benefits instead of a civil rights claim.

### B. Statute of Limitations Appears From Face of Complaint to Bar Action

The claim further appears barred by the applicable statute of limitations.  The statute of limitations for § 1983 actions is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California.  *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1.  California Code of Civil Procedure § 352.1(a) provides an additional two years from when the cause of action *accrues* for those imprisoned "for a term less than for life."  Although state law dictates the applicable statute of limitations, federal law governs when a claim accrues.  "Accrual is the date on which the statute of limitations begins to run . . .."  *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).  "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Id. (*internal quotation marks omitted).   Lest, Plaintiff argue that his claim does not accrue until he suffered PTSD, such an argument has already been rejected by the courts. *See Claraty v. Hall-Mills*, 2019 WL 1228237 *3-4, Case No. 18-cv-06861-JCS (C.D. CA. 2019) (collecting cases) (finding statute of limitations for claims alleging PTSD as symptom from claims arise not just when a plaintiff experiences some injury and knew from exercise of reasonable diligence the cause of some injury).

Because Plaintiff's claims do not arise from the conditions of his confinement, the mandatory tolling provision for claims subject to the Prison Litigation Reform Act would not be applicable.  *See Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005).  Thus, Plaintiff should

have brought a complaint within two years of the event giving rise to his claim.[2]  However, an

otherwise untimely complaint may still proceed if the plaintiff can demonstrate equitable tolling.

*Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir. 1999).  To be entitled to equitable tolling, a

plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the

defendant, and reasonable and good faith conduct by the plaintiff."  *Neil through Cyprian v.*

*Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.)

**OPTIONS**

In order to continue the prosecution of this action, Plaintiff must take one of the following

three steps within thirty (30) days from the date of this Order:  (1) Plaintiff may file an First

Amended Complaint if he believes he can cure the deficiencies identified by the Court above; (2)

Plaintiff may file a Notice stating he intends to stand on his current complaint subject to the

undersigned recommending the district court dismiss for the reasons stated in this Order; or (3)

because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal

without prejudice under Federal Rule of Civil Procedure 41(a)(1).  If Plaintiff fails to timely

respond to this Court Order, *i.e.* fails to perform any of the three options, the undersigned will

instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to

comply with a court order and for failing to prosecute this action.  *See* Local Rule 110; Fed. R.

Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1.	Within **thirty (30) days** from the date of service of this order, Plaintiff shall take

one of the following actions: (a) file a First Amended Complaint; (b) file a Notice stating he

intends to stand on his current complaint subject to the undersigned recommending the district

court dismiss for the reasons stated in this Order; or (3) file a Notice of Voluntarily Dismissal

---

[2] Alternatively, even if the Court afforded Plaintiff the benefit of the mandatory tolling provisions due to his incarcerated status, the Complaint nonetheless appears time barred.  Applying California's Statute of Limitations for personal injury actions and giving Plaintiff the additional two-year tolling-period for individuals imprisoned "for a term less for life," Cal. Code Civ. Pro. § 352.1(a), Plaintiff's claims should have been brought in 2018 at the latest.  Any claims predicated upon § 1983 therefore appear to be time-barred because the Complaint was not filed until June 2020.

without prejudice under Federal Rule of Civil Procedure 41(a)(1).

    2.    If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.


Dated:    November 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE