# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAL-FIRE, MARIPOSA COUNTY, MT. BULLION FIRE CAMP, HOLLISTER AIR ATTACK BASE, DYN CORPS, and U.S. FOREST SERVICE,<br><br>    Defendants. | Case No. 1:20-cv-00801-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(Doc. 16) |

Plaintiff Pablo Chavez, a former state prisoner appearing pro se, initiated this action under 42 U.S.C. § 1983. (Doc. 1, "Complaint.") On August 25, 2023, Plaintiff filed a motion to "re-open this case" pursuant to Federal Rule of Civil Procedure 60. (Doc. 16.)

**BACKGROUND**

Plaintiff initiated this case on June 8, 2020, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) On October 22, 2021, the assigned magistrate judge issued a screening order finding the Complaint failed to state a cognizable claim and informed Plaintiff that the claim appeared to be time barred. (Doc. 10.) Within thirty days, Plaintiff was directed to (1) file an amended complaint, (2) file a notice stating that he intends to stand on his current complaint subject to the assigned magistrate judge recommending the district court dismiss the Complaint, or (3) file a notice of voluntarily dismissal pursuant to Federal Rule of Civil

Procedure 41(a)(1). (*Id.*)  Plaintiff failed to execute any of the three aforementioned options, and on September 26, 2022, the assigned magistrate judge issued a findings and recommendations, recommending the case be dismissed for Plaintiff's failure to prosecute and comply with a court order. (Doc. 13.) The findings and recommendations were served on Plaintiff, and he was given fourteen days to file objections. (*Id.*; *see also* docket.) Plaintiff failed to file any objections, the findings and recommendations were adopted, and judgment was entered against Plaintiff on October 31, 2022. (Docs. 14, 15.) On August 25, 2023, Plaintiff filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, which is now pending before the Court. (Doc. 16.)

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) the judgment is void;
>
> (4) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (5) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be brought within a reasonable time.  And, for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Local Rule 291.2 sets forth the grounds for seeking a new trial. A Rule 60(b) motion lies with the discretion of the court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. Aug. 4, 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc), *reversed in part on other grounds*, *In re Alexander*, 197 F.3d 421, 426 (9th Cir. 1999). Because such motions under a final judgment, relief under Rule 60(b) is limited and granted sparingly in extraordinary circumstances. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017). To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision." *De Young v. On Habeas Corpus*, 2013 WL 1876120, at *2 (E.D. Cal. May 3, 2013) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 655 (E.D. Cal. Mar. 31, 1986), *affirmed in part and reversed in part on other grounds*, 828 F.3d 514 (9th Cir. 1987)).

Because Plaintiff's motion does not specify any of the six enumerated reasons, the Court construes the motion as brought under the broad reach of Rule 60(b)(6). While broad in reach, relief under Rule 60(b)(6) nonetheless requires a fact-intensive balancing of finality and doing justice. *See Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017). Plaintiff's motion is devoid of any reason why the Court should reconsider its previous judgment and reopen this case under Rule 60.

Accordingly, Plaintiff's Motion to Reopen Case (Doc. 16) is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 15, 2023**

UNITED STATES DISTRICT JUDGE